**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JAMES PIERRO,

Plaintiff,

Civ. No.  09-1686 (DRD)

v.

**O P I N I O N**

ANGELA KUGEL, ET. AL.

Defendant.

**DEBEVOISE, Senior District Judge**

 Plaintiff James Pierro seeks to bring this action in forma pauperis against Defendants Angela and George Kugel.  Based on Plaintiff's affidavit of indigence and the absence of factors which would require dismissal under 28 U.S.C. §1915(g), the court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

 After reviewing the Complaint, the court finds that it lacks subject matter jurisdiction over the claim asserted.  Therefore, Plaintiff's Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted in this court.

### I.  BACKGROUND

 Plaintiff pled guilty to one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) on August 31, 2004, and was sentenced by this court on March 16, 2005 to 120 months imprisonment.  He is currently confined at the Federal Correctional Center

in Petersburg, Virginia, a facility to which he was transferred by the Bureau of Prisons after he was sentenced.  Before his imprisonment, Plaintiff resided in New Jersey.

Plaintiff alleges in his Complaint that his sister, Defendant Angela Kugel, and her husband, George Kugel – both of whom reside in Oradell, New Jersey (Compl. ¶ 2) – mismanaged the estate of his late mother, and in doing so caused him "loss of income, loss of property, and extreme humiliation."  (Id. ¶ 7.)  Specifically, Plaintiff claims that Defendants (1) denied him "physical and constructive access to the … estate" in violation of the terms of the decedent's will, (2) "recklessly managed the affairs of the estate without reasonable concern for" his interests, (3) "impudently defined the rights of the parties under the will in a manner adverse to" him, (4) embezzled $20,000 in proceeds from the estate that were rightfully his, and (5) "unlawfully sold property connected to the estate that belongs" to him.  (Id. ¶¶ 10, 12, 16, 19, 23.)  Based on those allegations, Plaintiff seeks declaratory relief in the form of a judgment that he is entitled to the disputed proceeds, compensatory and punitive damages, and the appointment of a receiver to manage the estate's remaining assets.

## II.  DISCUSSION

This Court must dismiss, at the earliest practicable time, in forma pauperis actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When deciding whether to do so, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The court's inquiry, however, "is not whether plaintiffs will ultimately prevail in a trial on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims."  In re Rockefeller Ctr. Prop., Inc., 311 F.3d 198, 215 (3d Cir. 2002).

2

The Supreme Court recently clarified the applicable standard of review in Bell Atlantic Corporation v. Twombly, 127 S.Ct. 1955 (2007).  That case abrogated the rule established in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief."  In contrast, Bell Atlantic, 127 S.Ct. at 1965, held that "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Thus, the assertions in the complaint must be enough to "raise a reasonable expectation that discovery will reveal evidence of the necessary element," thereby justifying the advancement of "the case beyond the pleadings to the next stage of litigation."  Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008).

It is clear that this case must be dismissed.  While Plaintiff alleges in his Complaint that he is a resident of Hopewell City, Virginia (Compl. ¶ 1), his presence in that state is not due to any conscious decision on his part to leave New Jersey and avail himself of another state's law, but rather the fact that he is incarcerated there.  "[T]here is substantial unanimity that, however construed in a statute, residence involves some choice, … like domicile, and that presence elsewhere through constraint has no effect upon it."  McGrath v. Kristensen, 340 U.S. 162, 174 (1950) (quoting Carroll v. United States, 133 F.2d 690, 693 (2d Cir. 1943)).  Thus, most courts take the view that "[a] prisoner's residence is the district of his domicile before his incarceration."  Turner v. Kelley, 411 F. Supp. 1331, 1332 (D. Kan. 1976); see also United States v. Kahane, 396 F. Supp. 687 (E.D.N.Y. 1975); Dreye v. Jalet, 349 F. Supp. 452 (S.D. Tex. 1972), aff'd 479 F.2d 1044 (5th Cir. 1973); Ott v. U.S. Bd. of Parole, 324 F. Supp. 1034 (W.D. Mo. 1971).  "One does not change his residency to [a] prison by virtue of being incarcerated there."  Cohen v. United States, 297 F.2d 760, 774 (9th Cir. 1962), cert. denied, 369 U.S. 865

(1972).  Only the Court of Appeals for the District of Columbia Circuit takes a contrary view, holding that "for the purposes of the general venue statute a prisoner has his residence at his place of confinement."  In re Pope, 580 F.2d 620, 622 (D.C. Cir. 1978) (citing Starnes v. McGuire, 512 F.2d 918, 925 n. 7 (D.C. Cir. 1974)).

Although the Court of Appeals for the Third Circuit has never ruled directly on the question of whether a prisoner's citizenship for the purposes of diversity jurisdiction changes based on his or her involuntary transfer to a different state, this court follows the aforementioned majority rule that "incarceration in a penal institution will not work a change in domicile." Tumminello v. Bergen Evening Record, Inc., 454 F. Supp. 1156, 1158 (D.N.J. 1978); see also Manna v. U.S. Dep't of Justice, 1994 WL 808070 at * 3 (D.N.J. 1994) (recognizing circuit split and holding that "a prisoner's residence does not change when he is incarcerated.").  The court sees no reason to deviate from its earlier holdings.  Since Plaintiff was a resident of New Jersey before being incarcerated and the Defendants also reside in that state, this court may not exercise jurisdiction pursuant to 28 U.S.C. § 1332.  In light of the fact that Plaintiff advances no other valid basis for jurisdiction in this court and his Complaint asserts only state law causes of action, the case must be dismissed for failure to state a claim on which relief can be granted in this court.

## III.  CONCLUSION

For all the foregoing reasons, Plaintiff's claims are dismissed.  The court will enter an order implementing this opinion.




 **s/ Dickinson R. Debevoise**
DICKINSON R. DEBEVOISE, U.S.S.D.J.


Dated: April 16, 2009