NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JAMES FRANK PIERRO, | : | Civil No. 09-1686 (DRD) |
| Plaintiff, | : | |
| v. | : | OPINION |
| ANGELA KUGEL, et al., | : | |
| Defendants. | : | |

**APPEARANCES**:

    JAMES FRANK PIERRO, #26029-050
    FCI Butner Medium I
    P.O. Box 1000
    Butner, NC  27509

**DEBEVOISE, Senior District Judge:**

Plaintiff James Frank Pierro, a prisoner who is currently incarcerated at FCI Butner Medium I in North Carolina, filed an Amended Complaint after the Third Circuit vacated this Court's Order dismissing his Complaint for lack of jurisdiction. This Court dismissed the case pursuant to Fed. R. Civ. P. 4(m), and Plaintiff filed a request to reopen the file. This Court will reopen the file and, for the reasons explained below, will dismiss the Complaint for lack of jurisdiction.[1]

---

[1] Pierro also sent a letter asking this Court to order the Clerk to refund the $350 filing fee to him. (Dkt. 36.) This Court will deny the request. See Porter v. Dept. of Treasury, 564 F.3d 176 180 (3d Cir. 2009); Goins v. Decaro, 241 F.3d 260 (2d Cir. 2001); Lucien v. DeTella, 141 F.3d 773, 775 (7th Cir. 1998).

## I.  BACKGROUND

Plaintiff is a federal prisoner who is now incarcerated in North Carolina.  See Bureau of Prisons, Inmate Locator, http://www.bop.gov/iloc2/InmateFinderServlet?Transaction= IDSearch&needingMoreList=false&IDType=IRN&IDNumber=26029-050&x=61&y=11 (Sept. 4, 2012).  In 2005, pursuant to a plea agreement, he was sentenced to a 120-month term of imprisonment.  See United States v. Pierro, Cr. 04-0714 (D.N.J. Mar. 16, 2005).  At the time of the plea agreement, Plaintiff resided at 257 Maple Avenue, Oradell, New Jersey.  Id.

In 2009, while incarcerated at a federal facility in Virginia, Pierro filed his Complaint alleging that his sister, Angela Kugel, and her husband had mismanaged the estate of Frank and Angela's mother, Ingeborg Pierro.  The Complaint asserted claims arising under New Jersey law and federal diversity jurisdiction.  This Court dismissed the Complaint for lack of jurisdiction, applying a per se rule that incarceration does not change a prisoner's domicile.  Pierro appealed. The Third Circuit vacated the Order of dismissal and remanded to permit Pierro to amend his complaint to allege his citizenship and that of defendant(s). (Dkt. 16-1.)

Pierro filed an Amended Complaint.  (Dkt. 17.)  He alleges the following facts regarding citizenship of the parties and jurisdiction:

> 1.  Plaintiff James Frank Pierro is a citizen of the state of Virginia and plans to live in Virginia upon release.  Plaintiff ha[s] a bank account with Bank of America in Virginia and his release address is for the state of Virginia.  See Exhibit B-C attached.
>
> 2.  Defendant Angela Kugel is a citizen of Oradell, NJ.  At all times relevant hereto, defendant Angela Kugel acted both individually and on behalf o the marital community consisting of defendants Angela Kugel and George Kugel. Defendant Angela Kugel caused an act or event to occur in the state of New Jersey out of which Plaintiff's claims arose.

      3.  This Court has jurisdiction of this matter under the provisions of 28 U.S.C. § 1332.  The amount in controversy is greater than $75,000.  Jurisdiction is conferred upon this court pursuant to 28 U.S.C. § 2201.  Plaintiff seeks declaratory relief.  The Court's supplemental jurisdiction is invoked under 28 U.S.C. § 1367 given plaintiff's state law claims.  Plaintiff further seeks receivership of an estate pursuant to 28 U.S.C. § 1651 (The All Writs Act) and Rule 66, Fed. R. Civ. P.

(Dkt. 17 at 1-2.)

      Three documents are attached to the Amended Complaint:  Last Will and Testament of Ingeborg Pierro, Inmate Request to Staff dated July 15, 2010, and letter to Pierro from Bank of America.  The Last Will and Testament of Ingeborg Pierro, dated August 29, 2000, specifies that Ingeborg Pierro bequeaths her house at 257 Maple Avenue, Oradell, New Jersey, to Angela Pierro, "provided, however, that my son, JAMES F. PIERRO, shall have the right to live in said premises as long as he wishes and when he vacates, then ANGELA PIERRO shall have the right to sell the premises . . . .  In the event JAMES PIERRO vacates the premises and ANGELA PIERRO sells the house, then she shall set aside the sum of $100,000.00 and hold the same IN TRUST for my son, JAMES F. PIERRO, investing and reinvesting the principal and paying the income thereof to my son, JAMES PIERRO, during his life and in addition to the income, my daughter, ANGELA PIERRO, shall pay to my son, JAMES PIERRO, one-tenth of the principal until the same is exhausted . . . .  All the rest, residue and remainder of my estate, whether the same be real, personal or mixed and wheresoever situate, I hereby give, devise and bequeath to my daughter, ANGELA PIERRO, absolutely."  (Dkt. 17 at 7.)  In the Inmate Request to Staff dated July 15, 2010, James Pierro requests:  Mr. Lloyd I would like to change my release destination from New Jersey to Virginia.  Thank you."  (Dkt. 17 at 10.)  The disposition dated July 27, 2010, states: "Please be advised that I will need a complete mailing address, with full

name of the person that you will be living with, along with the relationship.  Once I receive that information you[r] request will be sent to the P.O.'s office 14 mos. out from your release date." Id. ²  The letter from Bank of America concerns opening an account with the following name and address: "James Pierro, POD Eric Basile, P.O. Box 1000, C/O Business Office 26029-050, Petersburg, VA 23804-1000." Id. at 11.

By Order filed May 16, 2011, this Court dismissed the action pursuant to Fed. R. Civ. P. 4(m) without prejudice on the grounds that the action was pending for more than 120 days without effecting service.  (Dkt. 28.)  On June 27, 2011, Pierro filed a motion asking this Court to reopen the case on the ground that the Court's letter prior to the Order of dismissal was mistakenly returned to the Court by the facility as undeliverable.  (Dkt. 30.)

## II.  DISCUSSION

A.  Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction.  See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884).  Federal courts "have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."  Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986).  Article III of the Constitution provides:

> The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority;--to all Cases affecting Ambassadors, other public Ministers and

---

² The BOP's Inmate Locator indicates that Pierro's projected release date is January 31, 2013.  See Bureau of Prisons, Inmate Locator, http://www.bop.gov/iloc2/InmateFinderServlet ?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=26029-050&x=61 &y=11 (Sept. 4, 2012).

4

> Consuls;--to all Cases of admiralty and maritime Jurisdiction;--to Controversies to which the United States shall be a Party;--to Controversies between two or more States;--between a State and Citizens of another State;--between Citizens of different States;--between Citizens of the same State claiming Lands under Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects.

U.S. Const. art. III, § 2.

The essential facts establishing subject matter jurisdiction must be alleged in the complaint. See McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 182, 189 (1936). The plaintiff, "who claims that the power of the court should be exerted in his behalf . . . must carry throughout the litigation the burden of showing that he is properly in court." Id. at 189. Moreover, lack of subject matter jurisdiction may be raised by the Court sua sponte at any time. See Bender, 475 U.S. at 541; Louisville & Nashville Railroad Co. v. Mottley, 211 U.S. 149, 152 (1908); Van Holt v. Liberty Mutual Fire Ins. Co., 163 F.3d 161, 166 (3d Cir. 1998).

Congress has given district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States." 28 U.S.C. § 1332(a)(1). Diversity jurisdiction is determined by examining the citizenship of the parties at the time the complaint is filed. See Smith v. Sperling, 354 U.S. 91 (1957); see also Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 570 (2004) ("It has long been the case that the jurisdiction of the court depends upon the state of things at the time of the action brought") (citation and internal quotation marks omitted). This time-of-filing rule "measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing -

5

whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal." Grupo Dataflux, 541 U.S. at 571.

In a diversity action, the complaint must set forth the citizenship of each party, such that the existence of complete diversity can be confirmed from the face of the complaint. See Universal Reinsurance Co., Ltd. v. St. Paul Fire And Marine Ins. Co., 224 F. 3d 139, 141 (2d Cir. 2000) ("The failure to allege [a party's] citizenship in a particular state is fatal to diversity jurisdiction); Guaranty Nat'l Title Co. v. J.E.G. Assoc., 101 F. 3d at 58 ("When the parties allege residence but not citizenship, the court must dismiss the suit"); American Motorists Ins. Co. v. American Employers' Ins. Co., 600 F. 2d 15, 16 (5th Cir. 1979) (plaintiff "must specifically allege each party's citizenship, and these allegations must show that the plaintiff and defendant[s] are citizens of different states"). In addition, the party asserting diversity jurisdiction bears the burden of proving diversity by a preponderance of the evidence. See McCann v. Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir. 2006) (citing McNutt, 298 U.S. at 189).

"Citizenship is synonymous with domicile, and 'the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning.'" McCann, 458 F.3d at 286 (quoting Vlandis v. Kline, 412 U.S. 441, 454 (1973)). "[D]omicile is established by an objective physical presence in the state or territory coupled with a subjective intention to remain there indefinitely." Washington v. Hovensa LLC, 652 F.3d 340, 344 (3d Cir. 2011). As the Third Circuit explained,

> In determining an individual's domicile, a court considers several factors, including declarations, exercise of political rights, payment of personal taxes, house of residence, and place of business. Other factors to be considered may include location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, and driver's license and vehicle registration.

McCann, 458 F.3d at 286 (citations and internal quotation marks omitted); accord Washington, 652 F.3d at 344.

"[A]n individual's domicile changes instantly if he takes up residence at the new domicile and intend[s] to remain there." Washington, 652 F.3d at 345 (citation and internal quotation marks omitted). "But a domicile once acquired is presumed to continue until it is shown to have been changed." Id. (citation and internal quotation marks omitted). "This principle gives rise to a presumption favoring an established domicile over a new one." McCann at 286-87 (citations omitted). The effect of this presumption is to place on the party who seeks to change domicile an "initial burden of producing sufficient evidence to rebut the presumption in favor of the established domicile." Washington, 652 F.3d at 345 (quoting McCann at 288).

In this case, the Third Circuit found that Pierro's Complaint did not assert facts showing diversity jurisdiction, but "remand[ed] to permit Pierro to amend his complaint to allege his citizenship and that of Angela and George and any facts demonstrating his intent to remain in Virginia." (Dkt. 16-1 at 4.) As the Third Circuit explained:

> This case presents the discrete question of whether, for purposes of diversity jurisdiction, a prisoner's citizenship may properly be based on his state of incarceration. The modern position - and that adopted by the majority of courts of appeals to have addressed this issue - is that the domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment. That presumption, however, may be rebutted by showing a bona fide intent to remain in the state of incarceration on release . . . . We agree.
>
> In adopting this position, the First Circuit stated,"[i]n order to overcome the presumption, the prisoner must offer more than conclusory statements and unsupported allegations. No single factor is dispositive, and the analysis focuses not simply on the number of contacts with the purported domicile, but also on their substantive nature." Hall v. Curan, 599 F.3d 70, 72 (1st Cir. 2010) (per curiam (quotations omitted). Indeed, a prisoner must introduce more than mere "unsubstantiated declarations" to rebut the presumption. Stifel[ v. Hopkins], 477 F.2d [1116,] 1126 [6th Cir. 1973]. And, as the Eighth Circuit noted, a prisoner

7

> must "show truly exceptional circumstances" to overcome the presumption. Jones, 552 F.2d at 251. In short, the presumption will not be easily rebutted.
>
> Here, Pierro alleged only his and Angela's residency, not citizenship, and failed to allege facts demonstrating a bona fide intent to remain in Virginia. However, a court should ordinarily allow a plaintiff to amend his complaint to properly allege the parties' citizenship, unless amendment would be inequitable or futile. Because the District Court sua sponte dismissed Pierro's complaint for lack of jurisdiction, we vacate and remand to permit Pierro to amend his complaint to allege his citizenship and that of Angela and George and any facts demonstrating his intent to remain in Virginia.

(Dkt. 16-1 at 3-4) (citations and internal quotation marks omitted).

In Stifel, a case relied on by the Third Circuit, the Sixth Circuit explained that "a litigant will not be precluded from establishing a domicile within a state for purposes of federal diversity jurisdiction solely because his presence there initially resulted from circumstances beyond his control. We recognize the importance of considering physical or legal compulsion in determining whether domicile is gained or lost, but we limit the application of involuntary presence to its operation as a presumption ordinarily requiring more than unsubstantiated declarations to rebut." Stifel, 477 F.2d at 1226. In considering the presumption, in Jones v. Hadican, 552 F.2d 249 (8th Cir. 1977), another case the Third Circuit relied on, the Eighth Circuit emphasized that "the complaint must allege facts sufficient to raise a substantial question about the prisoner's intention to acquire a new domicile." Id. at 251. Significantly, the Eighth Circuit noted:

> Among the factors the [Stifel] court listed as relevant to intention were the possibility of parole and the manner in which the prisoner conducts his business and personal transactions. Probably the most important factor in Stifel, however, was the fact that the prisoner had been convicted of a particularly heinous and highly-publicized crime (murder by letter bomb). As a result, the prisoner made the plausible argument that he would never return to his former domicile because he would be subject to scorn and hostility there.

8

Jones, 552 F.2d at 251 n.2.

This Court has reviewed the Amended Complaint in light of the precepts outlined above. Pierro asserts in the Amended Complaint simply that he "plans to live in Virginia upon release." (Dkt. 17 at 1.) He attempts to corroborate his intention to remain in Virginia by attaching a letter and deposit stub indicating that he has a savings account at Bank of America, which lists his address as his then place of incarceration, i.e, "POD Eric Basile, P.O. Box 1000, C/O Business Office 26029-050, Petersburg, VA 23804-1000." (Dkt. 17 at 11.) In addition, he attached a request he submitted to officials at FCC Petersburg stating that he would like to change his release destination from New Jersey to Virginia. (Dkt. 17 at 10.)

However, neither of these documents is sufficient to raise a substantial question about Pierro's intention to change his domicile from New Jersey to Virginia. Bank of America is a national bank with offices throughout the United States, and Pierro did not open the account until after the Third Circuit remanded. Pierro provided nothing showing that the BOP had in fact changed his release designation from New Jersey to Virginia by the time he filed the Amended Complaint. Moreover, the response to his request to change his release destination states that this cannot be done without "a complete mailing address, with full name of the person that you will be living with, along with the relationship." (Dkt. 17 at 10.) Pierro does not indicate in his pleading that he provided this information. This Court further observes that Pierro resided in the house owned by his mother in Oradell, New Jersey, at the time of his arrest and conviction, his mother's will gave him a life estate in that house (Dkt. 17 at 7), and his sister, Angela, seemingly

continues to reside in the house.[3]  Pierro provided no facts to overcome the presumption other than his then incarceration in a federal facility located in the state and his unsupported intention to remain in Virginia upon release.[4]  Accordingly, Pierro has failed "to show truly exceptional circumstances which would justify a finding that he has acquired a new domicile at the place of his incarceration," Jones, 552 F.2d at 251, which has since changed to North Carolina.   This Court will accordingly dismiss the Amended Complaint for lack of jurisdiction.  Although defective allegations of jurisdiction may generally be amended, 28 U.S.C. § 1653, this Court finds that further amendment would be futile.

### III.  CONCLUSION

The Court reopens the file, vacates the Order of dismissal under Fed. R. Civ. P. 4(m), dismisses the Complaint for lack of jurisdiction, and denies the request for a refund of the filing fee.

     *s/ Dickinson R. Debevoise*
**DICKINSON R. DEBEVOISE**
Senior U.S. District Judge

Dated:  September 5, 2012

---

[3] This Court's independent Westlaw research reveals that, as of August 7, 2012, the Bergen County Tax Assessor's records show that 257 Maple Avenue, Oradell, New Jersey, is owned and occupied by Angela Pierro.

[4] For example, Pierro does not assert that he has relatives or friends who reside in Virginia, nor does he provide an address other than the federal prison.